IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

| | | |
|---|---|---|
| **ABEL REVILL OCHOA,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| -v- | § | USDC No. 3:09-cv-02277-K |
| | § | |
| | § | |
| | § | |
| **RICK THALER,** | § | |
| Director, Texas Department of Criminal | § | |
| Justice, Correctional Institutions Division | § | **CAPITAL CASE** |
| | § | |
| Respondent. | § | |

**PETITIONER'S SUPPLEMENTAL RESPONSE TO RESPONDENT'S ANSWER**

COMES NOW, Petitioner, Abel Revill Ochoa, by and through the undersigned attorney of record, and files this Supplemental Response to *Respondent's Answer with Brief in Support* in order to bring to the Court's attention recent certiorari grants in the Supreme Court of the United States that may impact this case.

**I. Introduction**

Mr. Ochoa filed a petition for writ of habeas corpus in this Court on August 19, 2010. [Docket No. 8] Respondent filed an answer on December 17, 2010. [Docket No. 14] As part of his answer, Respondent contended that many of Mr. Ochoa's claims were unexhausted because they were presented in federal court for the first time and that, therefore, they were procedurally barred from review. *Respondent Thaler's Answer with Brief in Support*, pp. 24-28, 45-46, 55-57, 76-81, 86-87, 91-92, 95, 122-23. These claims are as follows:

Mr. Ochoa received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when his trial attorneys failed to investigate and to present significant mitigation evidence at the punishment hearing.

Mr. Ochoa received ineffective assistance of counsel during the voir dire of his capital murder trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Mr. Ochoa's trial counsel were rendered ineffective during the voir dire of his capital murder trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Because Mr. Ochoa was deprived of the right to an adequate voir dire, his right to be tried by a fair and impartial jury under the Sixth and Fourteenth Amendments to the United States Constitution was denied.

Mr. Ochoa received ineffective assistance of counsel on appeal because his appellate attorney failed to raise the voir dire issues on appeal.

The trial court's exclusion of important rebuttal evidence denied Mr. Ochoa the right to present a fair defense contrary to the Sixth and Fourteenth Amendments to the United States Constitution.

Mr. Ochoa received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when his trial counsel failed to make proper and timely objections to the trial court's ruling excluding important rebuttal evidence.

Mr. Ochoa was deprived of his right to due process of law under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution by the State's presentation of unreliable psychiatric rebuttal testimony by Dr. Richard Coons.

Mr. Ochoa was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution because of his appellate counsel's failure to present the issue concerning the trial court's erroneous admission of Dr. Coons's unconstitutionally unreliable testimony on direct appeal.

> Because Mr. Ochoa was shackled during the punishment phase of his capital murder trial, his right to due process under the Fourteenth Amendment to the United States Constitution was denied.
>
> Mr. Ochoa received ineffective assistance of counsel during the punishment phase of his capital murder trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution when his trial counsel failed to object to the trial court's decision to place Mr. Ochoa in shackles.

As part of his reply, which he filed in this Court on March 28, 2011 [Docket No. 19], Mr. Ochoa conceded that the foregoing claims were unexhausted but contended that applying procedural default doctrine to them was premature. *Petitioner's Response to Respondent's Answser*, pp. 55-63. Mr. Ochoa sought to stay and abey these proceedings so he can return to state court to exhaust these claims. *Id*.

As part of this request, Mr. Ochoa demonstrated that his state habeas counsel was not acting as counsel because he failed to conduct any meaningful investigation and filed what can be only characterized for the most part as a record-based writ application in state court. *Petitioner's Response to Respondent's Answer*, pp. 63-74. Mr. Ochoa argued that the Texas Court of Criminal Appeals has evinced a willingness to consider equitable exceptions to the bar against subsequent writ applications, particularly in extreme situations like Mr. Ochoa's case. Recently, the Supreme Court of the United States has granted certiorari in two cases addressing whether procedural default rules should apply to bar consideration of federal constitutional claims when state habeas counsel made crucial failings that resulted in the state-level default. Mr. Ochoa files this supplemental reply to bring these cases to the Court's attention.

## II. Discussion

If a claim is unexhausted and it is clear that the court "to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims

procedurally barred," then "[i]n such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). When confronted with a procedural default in state court, a petitioner for writ of habeas corpus in federal court must show cause and prejudice before a federal court will review the claim. *Dugger v. Adams*, 489 U.S. 401, 406-07 (1989); *Wainwright v. Sykes*, 433 U.S. 73, 87 (1977). Though the Court has not provided a precise definition for what is meant by "cause" and "prejudice," *see Dugger*, 489 U.S. at 406-07, the "existence of cause for a procedural default must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). One such external factor is when trial counsel (or appellate counsel as the case may be) provides ineffective assistance of counsel. *See Coleman*, 501 U.S. at 752-54; *Murray v. Carrier*, 477 U.S. at 487-88, 491-92; *Martinez v. Johnson*, 255 F.3d 229, 241 (5th Cir. 2001). "Prejudice" is that harm resulting from the underlying violation of a constitutional right. *Coleman*, 501 U.S. at 752; *Moore v. Quarterman*, 533 F.3d 338, 341 (5th Cir. 2008) (holding that "a defendant must demonstrate that errors 'worked to his actual and substantial disadvantage,' amounting to errors of constitutional dimensions").

The rationale for finding that ineffective assistance of counsel constitutes cause is because the right to effective assistance of counsel guaranteed by the Sixth Amendment is properly imputed to the State and is, thus, an external impediment to the presentation of a claim to the state court. *Murray v. Carrier*, 477 U.S. at 488-89. In *Murray v. Giarratano*, 492 U.S. 1 (1989), a plurality of the Court extended the holding in *Pennsylvania v. Finley*, 481 U.S. 551 (1987), which held that there is no Sixth Amendment right to counsel in post-conviction, to state capital post-conviction proceedings. *Id*. at 10-12. Justice Kennedy concurred based upon the particular facts and record

of the case. *Id*. at 14-15 (Kennedy, J., concurring).  After noting the central importance of collateral relief for prisoners sentenced to death and that such individuals, given their situation on death-row and the complexities of the law governing post-conviction, would unlikely be "able to file successful petitions for collateral relief without the assistance of persons learned in the law," Justice Kennedy believed the particular system in place in Virginia did not violate the Due Process Clause or the Eighth Amendment because "no prisoner on death row . . . has been unable to obtain counsel to represent him in postconviction proceedings . . . ." *Id*. at 14.  Because Justice Kennedy provided the fifth vote, *Giarratano* is a limited holding and does not categorically foreclose the possibility that under certain circumstances, a Sixth Amendment right to counsel does exist in the capital post-conviction context.  *See* Eric M. Freedman, Giarratano *is a Scarecrow: The Right to Counsel in State Capital Postconviction Proceedings*, 91 CORNELL L. REV. 1079, 1086 (2006).

In *Coleman*, the Court held that attorney error must itself constitute a constitutional violation of the effective assistance of counsel before it may be considered cause for default.  *Coleman v. Thompson*, 501 U.S. at 752, 755.  Because under *Finley* and *Giarratano*, there is no broad right to the assistance of counsel, attorney error by state habeas counsel generally cannot constitute such cause.  *Id*. at 752-55.  Coleman also argued that because under Virginia law an ineffective assistance of counsel claim may only be raised for the first time in state post-conviction, he was entitled to effective assistance of state habeas counsel in order to raise this claim in the first instance.  *Id*. at 755.  Though intimating that an exception to the general rule of *Finley* and *Giarratano* may exist in such a situation, the Court declined to "answer this question broadly" because Coleman presented his ineffective assistance of counsel claim to the state habeas trial court and received a merits ruling from that court.  *Id*. at 755.  Thus, in *Coleman*, the question was whether the petitioner had a right to effective assistance of counsel to appeal the state habeas trial court's decision.  *Id*. at 755-56.  The

Court held that such a right did not exist. *Id*. Nevertheless, it is still an open question whether exceptions to the rule of *Finley* and *Giarratano* exist and, in turn, whether under the circumstances in which such an exception may apply, the petitioner may establish cause under *Coleman*.

Notwithstanding the unsettled state of the law in *Coleman* and *Giarratano*, the Fifth Circuit has categorically rejected any contention that such an exception may exist. *See Martinez v. Johnson*, 255 F.3d 229, 240-41 (5th Cir. 2001) (rejecting argument that ineffective assistance of habeas counsel when state habeas presented first opportunity to present constitutional claim could be cause and citing Fifth Circuit precedent on point, which precluded reconsideration of the issue). *See also Williams v. Thaler*, 602 F.3d 291, 308-09 (5th Cir. 2010); *Matchett v. Dretke*, 380 F.3d 844, 849 & n.1 (5th Cir. 2004). Thus, long-standing and binding authority in this Circuit has foreclosed any argument that an exception to the *Coleman* limitation of cause can exist. Recently, however, the Supreme Court of the United States has granted certiorari in two cases that raise issues that may undercut this authority. On March 21, 2011, the Court granted cert in *Maples v. Thomas*, 131 S. Ct. 1718 (2011), limited to the second question, as follows:

> Whether the Eleventh Circuit properly held–in conflict with the decisions of this Court and other courts–that there was no "cause" to excuse any procedural default, where petitioner was blameless for the default, the State's own conduct contributed to the default, and petitioner's attorneys of record were no longer functioning as his agents at the time of any default.

*Id*.[1] On June 6, 2011, the Court granted cert in *Martinez v. Ryan*, 131 S. Ct. ___, 2011 U.S. LEXIS 4217 (2011), on the following question:

> Whether a defendant in a state criminal case who is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial counsel, but

---

[1] The docket for *Maples* may be viewed at the following: http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/10-63.htm. The briefs may be obtained at the following: http://www.scotusblog.com/case-files/cases/maples-v-allen-2?wpmp_switcher=desktop.

> who has a state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional right to effective assistance of first post-conviction counsel specifically with respect to his ineffective-assistance-of-trial-counsel claim.

*Id.*[2]  Both cases are set for oral argument on October 4, 2011.

Because all of Mr. Ochoa's unexhausted claims involve ineffective assistance of counsel or are tied to related ineffective assistance of counsel claims, state habeas presented the first opportunity for Mr. Ochoa to present them to the state court. *Ex parte White*, 160 S.W.3d 46, 49 n.1 (Tex.Crim.App. 2004); *Ex parte Torres*, 943 S.W.2d 469, 475-76 (Tex.Crim.App. 1997); *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex.Crim.App. 1980), *overruled on other grounds by Hernandez v. State*, 988 S.W.2d 770 (Tex.Crim.App. 1999).  *See also Ex parte Brown*, 158 S.W.3d 449, 460-61 (Tex.Crim.App. 2005) (Keasler, J., dissenting) (explaining that ineffective assistance of counsel claims as an entire class may not be raised until habeas corpus); *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002) (dissuading the assertion ineffective assistance of counsel on direct appeal). As demonstrated in his initial response to Respondent's answer, Mr. Ochoa's state habeas counsel provided woefully inadequate representation, and Mr. Ochoa has pleaded facts that could support an ineffective assistance of state habeas counsel claim.  *Petitioner's Response to Respondent's Answer*, pp. 63-74.  Potentially, the Supreme Court's decision in *Maples* and, more particularly, *Martinez* could effectively overrule the contrary Fifth Circuit precedent that acts or omissions of state habeas counsel can never under any circumstances constitute cause.  Thus, these cases may provide an avenue for this Court to address the merits of each of Mr. Ochoa's claims.  In anticipation

---

[2]  The docket for *Martinez* may be viewed at the following: http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/10-1001.htm.  The briefs may be obtained at the following: http://www.scotusblog.com/case-files/cases/martinez-v-ryan?wpmp_switcher=desktop.

of the possibility that such an outcome may develop in *Maples* and *Martinez*, Mr. Ochoa asserts that his state habeas counsel's ineffective assistance constitutes cause for any procedural default.

Furthermore, in light of *Maples* and *Martinez*, Mr. Ochoa respectfully requests that the Court hold this case in abeyance until the Supreme Court issues opinions in these cases and that the Court order additional briefing, should such briefing be necessitated.

### III.  Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Petitioner, Abel Revill Ochoa, prays that this Court:

1. Deny Respondent's motion for summary judgment in all things;

2. Grant Mr. Ochoa's request to stay the proceedings until the Supreme Court of the United States resolves the issues in *Maples* and *Martinez*, or, in the alternative, grant Mr. Ochoa's request to stay and abey the proceedings to allow him to return to state court and exhaust those meritorious claims that are unexhausted.

3. Grant Mr. Ochoa's Petition for Writ of Habeas Corpus.

4. Grant such other relief as previously requested and as law and justice may require.

                    Respectfully submitted,

                    ALEXANDER L. CALHOUN
                    Attorney at Law
                    Texas Bar No. 00787187
                    4301 W. William Cannon Dr.  Ste. B-150
                        # 260
                    Austin, Texas 78749
                    (512) 420-8850 (telephone)
                    (512) 233-5946 (facsimile)
                    (512) 731-731-3159 (cell)
                    alcalhoun@earthlink.net

                    By:  /s/ Alexander L. Calhoun
                          Alexander L. Calhoun
                          Member of the Bar of this Court

        PAUL E. MANSUR
        Attorney at Law
        Texas Bar No. 00796078
        P.O. Box 1300
        Denver City, Texas 79323
        (806) 592-2797 (telephone)
        (806) 592-9136 (facsimile)
        pmansur@midtech.net

By: /s/ Paul E. Mansur
     Paul E. Mansur
     Member of the Bar of this Court

     Attorney for Petitioner

*Certificate of Service*

I certify that on July 22, 2011, I served, by ECF, a true and correct copy of this Response upon opposing counsel at the following address:

Greg Abbott
attn: Stephen M. Hoffman
Texas Attorney General
Postconviction Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548

        /s/ Paul E. Mansur
        Paul E. Mansur