IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABEL REVILL OCHOA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:09-cv-02277 |
| | § | DEATH PENALTY CASE |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## RESPONDENT THALER'S RESPONSE TO OCHOA'S SUPPLEMENTAL REPLY WITH BRIEF IN SUPPORT

Petitioner Abel Revill Ochoa[1] (Ochoa) was convicted and sentenced to death for slaughtering five members of his family—his wife, his sister-in-law, his father-in-law, his seven-year-old daughter, and his eighteen-month-old daughter. Having spent several years pursuing his claims in state court, Ochoa challenged the validity of his conviction and sentence in this Court pursuant to 28 U.S.C. § 2254. Ochoa filed his petition on August 22, 2010. DE[2] 8. The Director answered on December 17, 2010. DE 14. Ochoa then filed a reply on March 28, 2011, which he has now supplemented. DE 19, 21. In his supplemental reply, Ochoa argues that ineffective assistance of state counsel

---

[1]    Respondent Rick Thaler will be referred to as "the Director."

[2]    "DE" refers to entries on this Court's electronic docketing system, available on PACER.

should excuse his numerous procedural defaults.  DE 21 at 3-7.  However, as shown below, Fifth Circuit precedent is clear that there is no right to effective assistance of state habeas counsel.  This precedent is binding on the Court. Therefore, neither a stay nor merits review of Ochoa's claims is appropriate under the circumstances.

## I.  Standard of Review

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.  But it is "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  And a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis*, 299 U.S. at 257.

## II.  A Stay is Inappropriate in this Case Because Ineffective Assistance of State Habeas Counsel Does Not Excuse a Procedural Default in this Circuit.

Ochoa asks the Court to stay his case so that the Supreme Court can rule in two cases where certiorari was recently granted—*Maples v. Maples*, — S. Ct.

—, 2011 WL 940889, No. 10-63 (Mar. 21, 2011) and *Martinez v. Ryan*, — S. Ct.

—, 2011 WL 380903, No. 10-1001 (Jun. 6, 2011).  The certiorari grant in *Maples*

was limited to one question:

> Whether the Eleventh Circuit properly held . . . that there was no "cause" to excuse any procedural default where petitioner was blameless for the default, the State's own conduct contributed to the default, and petitioner's attorneys of record were no longer functioning as his agents at the time of any default.

*Maples*, No. 10-63.

> Likewise, the certiorari grant in *Martinez* was limited to:

> Whether a defendant in a state criminal case who is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional right to effective assistance of first post-conviction counsel specifically with respect to his ineffective-assistance-of-trial-counsel claim.

*Martinez*, No. 10-1001.

Ochoa contends that the resolution of the questions presented in *Maples*

and *Martinez* will have bearing on the resolution of his procedurally defaulted

claims.  However, a certiorari grant does not change the controlling law in this

Circuit. And the controlling law in this Circuit—as acknowledged by Ochoa—is

that ineffective assistance of state habeas counsel will not excuse a habeas

petitioner's procedural default.  To the extent that Ochoa believes that this

precedent is wrongly decided, that is an argument he must address to the Fifth

Circuit or the Supreme Court.[3]  This Court, however, is bound to apply the precedent as it currently exists.

According to current precedent, when a federal habeas petitioner defaults on his claims by failing to comply with state-law procedural rules, review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause is defined as 'something external to the petitioner, something that cannot fairly be attributed to him' that impedes his efforts to comply with the [state] procedural rule." *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (citing *Coleman*, 501 U.S. at 753). "Cause" factors may include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel—in the constitutional sense—on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 488  (1986).

Ochoa argues that the alleged failure of the state court to appoint

---

[3]     The Supreme Court has recently rejected last-minute requests for stays of execution based on ineffective assistance of state habeas counsel in *Kerr v. State*, Nos.10-10218 & 10A1057, and *Bradford v. Thaler*, Nos. 09-11519 & 10A1020.  The Supreme Court also denied certiorari in *Foster v. Texas*, No. 10-8317, where the petitioner raised a similar claim.

competent state habeas counsel should provide the cause necessary for him to circumvent the procedural bar.  But this argument is flawed—overlooking the fact that the Constitution does not mandate that states provide for any kind of postconviction relief.  *Pennsylvania v. Finley*, 481 U.S. 551, 552 (1987).  Because states are under no obligation to provide for postconviction proceedings, any infirmities found in such state habeas proceedings do not constitute grounds for relief in federal court.  Moreover, since there is no right to state postconviction proceedings, "the fundamental fairness mandated by the Due Process Clause does not require that the state provide a lawyer as well."  *Id.* at 552, 556-57 (finding that because "[p]ostconviction relief is even further removed from the criminal trial than is discretionary direct review [and] is not part of the criminal proceeding itself," there is no constitutional right to appointed counsel during such proceedings); *see also Murray v. Giarratano*, 492 U.S. 1, 12 (1989) (finding no due process right to counsel for capital inmates in state postconviction proceedings).  Because Ochoa had no constitutional right to counsel during his state habeas proceedings in the first place, he cannot claim that he is entitled to constitutionally effective counsel during the same proceeding or that ineffectiveness of counsel constitutes "cause" to allow him to circumvent the jurisdictional bar.

Indeed, the Fifth Circuit has consistently rejected the very argument that

Ochoa is making. *Martinez v. Johnson*, 255 F.3d 229, 240-41 (5th Cir. 2001);

*Beazley v. Johnson*, 242 F.3d 248, 256 (5th Cir. 2001).[4] Until the Supreme Court

explicitly holds otherwise, in this Circuit, error committed by counsel in a

collateral postconviction proceeding where there is no constitutional right to

counsel cannot constitute cause to excuse a procedural default. If Ochoa wishes

to argue this is incorrect, he must do so in the Fifth Circuit or the Supreme

Court, not here.

## II. Alternatively Ochoa's Case and Martinez and Maples's Cases Are Easily Distinguishable.

Moreover, even if this Court could review the state court's decision, it still

should deny Ochoa's petition because the question presented in *Maples* and

---

[4]     The other circuits are in agreement. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997) (en banc) ("[T]he rule for which Mackall argues here is directly contrary to the explicit holding of *Finley* that no constitutional right to counsel exists on collateral review."); *Hill v. Jones*, 81 F.3d 1015, 1025 (11th Cir. 1996) ("Thus, the possible exception to *Finley* and *Giarratano* the Supreme Court noted in *Coleman* simply does not exist in this circuit: a petitioner may not rely on his collateral counsel's ineffectiveness to excuse the procedural default of a claim even when the state collateral proceeding was petitioner's first opportunity to raise the claim."); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996) ("There was no constitutional right of counsel in such habeas proceedings even if they presented the first opportunity to raise the ineffectiveness claim." (citations omitted)); *Nolan v. Armontrout*, 973 F.2d 615, 617 (8th Cir. 1992) (same); *cf. McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004) (recognizing that petitioner alleging ineffective assistance as cause must establish "a constitutional right to counsel at the procedural stage at which the alleged attorney error occurred" (citations omitted)); *Spears v. Mullin*, 343 F.3d 1215, 1255 (10th Cir. 2003) ("ineffective representation in state post-conviction proceedings is inadequate to excuse a procedural default"); *Cristin v. Brennan*, 281 F.3d 404, 419-20 n.11 (3rd Cir. 2002) (recognizing that where the Constitution does not provide for a right to counsel, a claim of ineffective assistance cannot establish cause).

*Martinez* is too narrow to affect Ochoa.  The petitioner in *Maples* carefully confined the scope of his claim, asking the Supreme Court for only a limited holding that will excuse procedural defaults in cases where: (1) the petitioner was blameless for the default; (2) the State's own conduct contributed to the default; and (3) petitioner's attorneys of record were no longer functioning as his agents at the time of any default.  Maples's post-conviction attorneys abandoned him; they left their law firm without notifying the court or arranging for substitution of counsel.  *Maples v. Allen*, 586 F.3d 879, 884 (11th Cir. 2009).

Martinez was convicted in Arizona state court of sexual conduct with a minor.  *Martinez v. Schriro*, 623 F.3d. 731, 734-35 (2010).  His conviction was affirmed on direct appeal.  *Id*.  During the pendency of his appeal, Martinez's appellate counsel initiated collateral review in state court by filing a notice of post-conviction relief.  *Id*.  But counsel then filed a statement that she could find no colorable claim for post-conviction relief.  *Id*.  The state court gave Martinez the option of filing a pro se petition, but he alleges that his counsel failed to inform him that he needed to do so.  *Id*.  After the time to file a petition expired, the trial court dismissed the collateral action.  *Id*.  Later, represented by new counsel, Martinez filed a new notice of post-conviction relief in state court and alleged that Martinez's trial counsel had been unconstitutionally ineffective.  *Id*.  But Martinez's petition was dismissed since he did not present the claim in the

first proceeding. *Id.* In federal habeas proceedings, the district court denied Martinez's claims as procedurally barred. *Id.*

Ochoa asserts a different type of grievance against his state habeas attorney than the complaints levied by Maples and Martinez—Ochoa claims only that he failed to present an argument in his first state habeas petition. The Supreme Court has long held that attorney errors (as opposed to abandonment) do not sever the principal-agent relationship between the client and his lawyer, even in capital litigation. *Compare Lawrence v. Florida*, 549 U.S. 327 (2007) *with Holland v. Florida*, 130 S. Ct. 2549 (2010); *see also Coleman*, 501 U.S. 722. Martinez and Maples's state habeas counsel abandoned them, causing them to miss appeal deadlines and foreclosing exhaustion of their claims. Ochoa's counsel filed a fifty-three-page petition raising nine points of error—just not the point of error that Ochoa now urges. This is the very difference between a claim under *Strickland v. Washington*, 466 U.S. 668 (1984), and a claim under *United States v. Cronic*, 66 U.S. 648 (1984)—i.e., error by omission and a total denial of counsel. *See, e.g., Penson v. Ohio*, 488 U.S. 75, 88 (1988) (failure of counsel to press particular argument or argue it effectively is different from denial of counsel altogether).

Thus, even if their counsel's failures are ultimately held by the Supreme Court to excuse Maples' and Martinez's defaults, such holdings would not help

Ochoa because Ochoa's state habeas attorney did not fail to file or otherwise abandon his client. Instead, counsel simply did not raise the claims that Ochoa contends (in hindsight) that he should have raised.[5] *Strickland*, 466 U.S. at 689 ("Even the best criminal defense attorneys would not defend a particular client in the same way."). Thus, even if ineffective assistance of state habeas counsel could constitute cause for circumventing the procedural bar, Ochoa still would not be entitled to relief under the prospective holding in *Maples* or *Martinez*.

## CONCLUSION

For the foregoing reasons and the reasons articulated in the Director's answer, Ochoa's petition should be denied with prejudice.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DON CLEMMER
Deputy Attorney General
for Criminal Justice

---

[5] Counsel is not ineffective for failing to raise every possible point on appeal. *Smith v. Robbins,* 528 U.S. 259, 288 (2000). Rather, appellate counsel is obliged to raise and brief only those issues that he believes have the best chance of success. *Smith,* 528 U.S. at 285; *see also Engle v. Isaac,* 456 U.S. 107, 134 (1982) ("[T]he [C]onstitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.").

EDWARD L. MARSHALL
Chief, Postconviction
Litigation Division


\* Attorney-in-charge

  /s/  Stephen M. Hoffman
\*STEPHEN M. HOFFMAN
Assistant Attorney General
Texas Bar No. 24048978
Southern District Bar No. 602073

P. O. Box 12548, Capitol Station
Austin, Texas   78711
Tel:  (512) 936-1400
Fax: (512) 320-8132
Stephen.Hoffman@oag.state.tx.us

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that on August 29, 2011, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means.

Alexander Lee Calhoun
Law Office of Alexander L Calhoun
4301 W. Willam Cannon Dr.
Suite B - 150, # 260
Austin, TX 78749
Email: alcalhoun@earthlink.net

and

Paul E Mansur
Law Office of Paul E Mansur
P.O. Box 1300
Denver City, TX 79323
Email: pmansur@midtech.net

      /s/  Stephen M. Hoffman
      STEPHEN HOFFMAN
      Assistant Attorney General