# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS,
### DALLAS DIVISION

| | | |
|---|---|---|
| **ABEL REVILL OCHOA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **-v-** | § | **NO.  3:09-cv-02277** |
| | § | |
| | § | |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions Division** | § | **CAPITAL CASE** |
| | § | |
| **Respondent.** | § | |

## PETITIONER'S MOTION TO STAY THE PROCEEDINGS PENDING A DECISION OF THE SURPEME COURT OF THE UNITED STATES IN *TREVINO V. THALER* AND BRIEF IN SUPPORT

Respectfully submitted,

ALEXANDER L. CALHOUN
Attorney at Law
Texas Bar No. 00787187
4301 W. William Cannon Dr.  Ste. B-150
  # 260
Austin, Texas 78749
(512) 420-8850 (telephone)
(512) 233-5946 (facsimile)
(512) 731-731-3159 (cell)
alcalhoun@earthlink.net

PAUL E. MANSUR
Senior Staff Attorney
Texas Defender Service
P.O. Box 1300
Denver City, Texas 79323
(806) 215-1025 (telephone)
(806) 592-9136 (facsimile)
pmansur@texasdefender.org

Counsel for Petitioner, Abel Revill Ochoa

TABLE OF CONTENTS

I.     Background ..................................................................................................................1

II.    Request to Stay the Proceedings Pending the Outcome in *Trevino v. Thaler* ....................5

       A.    The Court's decision in *Martinez v. Ryan* fundamentally altered the rules
             of procedural default and the requisite showing of cause and prejudice
             needed to overcome potentially defaulted ineffective assistance of trial
             counsel claims. ......................................................................................................5

       B.    In *Trevino*, the Supreme Court will determine whether *Ibarra* is a valid
             interpretation of *Martinez*. ...................................................................................9

       C.    This Court has an inherent power to stay proceedings pending the outcome
             of a potentially dispositive case currently pending in the Supreme Court of
             the United States. ...............................................................................................11

       D.    The potential that *Martinez* may dramatically impact the course of this
             litigation, the consequent severe burden to Mr. Ochoa of proceeding in the
             absence of a stay, and the slight potential for harm to Respondent that
             might be occasioned by a moderate delay to await the outcome in *Trevino*
             counsel in favor of the exercise of this Court's discretionary power to stay
             the proceedings. ..................................................................................................12

III.   Conclusion ................................................................................................................14

INDEX OF AUTHORITIES

*Cases*:

*Ali v. Quarterman*, 607 F.3d 1046 (5th Cir. 2010) .........................................................12

*Balentine v. Thaler*, 133 S. Ct. 90 (Aug. 22, 2012) .......................................................11

*Clinton v. Jones*, 520 U.S. 681 (1997).............................................................................11

*Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198 (5th Cir. 1985) .............12

*Coleman v. Thompson*, 501 U.S. 722 (1991).................................................................5, 6

*Engle v. Isaac*, 456 U.S. 107 (1982) ................................................................................6

*Ex parte Ochoa*, Nos. WR-67,495-1 & WR-67,495-2 (Tex.Crim.App., Aug. 19, 2009)...............3

*Gates v. Thaler*, 476 Fed. App'x 336 (5th Cir., Jun. 19, 2012) ......................................9

*Haynes v. Thaler*, No. 12-6760, 2012 U.S. LEXIS 8704 (Nov. 13, 2012) .............10, 11

*Ibarra v. Thaler*, 687 F.3d 222 (2012)...................................................................5, 9, 10

*Landis v. North Am. Co.*, 299 U.S. 248 (1936)..................................................11, 12, 14

*Maples v. Thomas*, 132 S. Ct. 912 (2012)........................................................................4

*Maples v. Thomas*, 131 S. Ct. 1718 (2011)......................................................................4

*Martinez v. Johnson*, 255 F.3d 229 (5th Cir. 2001) ......................................................9

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012) .........................................................4, 7, 8, 10

*Martinez v. Ryan*, 131 S. Ct. 2960 (2011) .......................................................................4

*Matchett v. Dretke*, 380 F.3d 844 (5th Cir. 2004).........................................................9

*Miller-El v. Cockrell*, 537 U.S. 322 (2003) ...................................................................14

*Murray v. Carrier*, 477 U.S. 478 (1986)..........................................................................6

*Murray v. Giarratano*, 491 U.S. 1 (1989).......................................................................6

*Nken v. Holder*, 556 U.S. 418 (2009) ................................................................11, 12

*Ochoa v. Thaler*, No. 74,663, slip op. (Tex.Crim.App., Jan. 26, 2005) ..........................................1

*Panetti v. Quarterman*, 551 U.S. 930 (2007)..................................................................14

*Pennsylvania v. Finley*, 481 U.S. 551 (1987) ...................................................................6

*Rhines v. Weber*, 544 U.S. 269 (2005)..........................................................4, 11, 12, 14

*Ruiz v. Dretke*, No. SA-03-CA-303-OG, 2005 U.S. Dist. LEXIS 32938 (W.D. Tex. 2005) .........3

*Strickland v. Washington*, 466 U.S. 688 (1984) ...............................................................8

*Taylor v. Louisiana*, 419 U.S. 523 (1975) ......................................................................2

*Trevino v. Thaler*, No. 11-10189, 2012 U.S. LEXIS 8391 (Oct. 29, 2012)........................1, 9, 10

*Virginian R. Co. v. United States*, 272 U.S. 658 (1926) ..................................................11

*Wainwright v. Sykes*, 433 U.S. 72 (1977) .......................................................................5

*Washington v. Thaler*, No. 11-10870.............................................................................11

*Wiggins v. Smith*, 539 U.S. 510 (2003)..........................................................................10

*Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010).............................................................9

*Woodford v. Garceau*, 538 U.S. 202 (2003) ..................................................................12

<u>Statutes</u>:

28 U.S.C. § 1651(a) .................................................................................................11

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION**

| | | |
|---|---|---|
| **ABEL REVILL OCHOA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **-v-** | § | **NO.  3:09-cv-02277** |
| | § | |
| | § | |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions Division** | § | **CAPITAL CASE** |
| | § | |
| **Respondent.** | § | |

**PETITIONER'S MOTION TO STAY THE PROCEEDINGS PENDING
A DECISION OF THE SURPEME COURT OF THE UNITED STATES
IN *TREVINO V. THALER* AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, Petitioner, Abel Revill Ochoa ("Mr. Ochoa"), in accordance with

Northern District of Texas Local Rules 7.1 & 7.2, and moves that the Court stay the proceedings

pending a decision of the Supreme Court of the United States in *Trevino v. Thaler*, Cause No.

11-10189, 2012 U.S. LEXIS 8391 (Oct. 29, 2012).  The question presented to the Supreme Court

in *Trevino* bears directly on the issues pending in this Court.

### I. Background

Mr. Ochoa was sentenced to death in *State of Texas v. Abel Revill Ochoa* by the 194th

District Court of Dallas County on April 23, 2003.  The Texas Court of Criminal Appeals

affirmed the conviction and sentence.  *Ochoa v. State*, No. 74,663, slip op. (Tex.Crim.App., Jan.

26, 2005).

1

Mr. Ochoa was appointed state habeas counsel who, contrary to statutory requirements and prevailing standards of care, failed to conduct any meaningful investigation into potential claims for relief.  Instead, he filed a habeas petition raising nine claims, virtually all of which were entirely record-based or lacked independent factual support.  *See Petitioner's Response to Respondent's Answer*, at 63-68.  (Docket Entry No. 19)  Of these issues, "three are plainly not cognizable on post-conviction, two more are record-based claims of ineffective assistance, one is a claim of ineffective assistance of appellate counsel, raising five sub-claims, none of which are supported by legal analysis or factual development, one is a reiteration of cumulative prejudice, and one non-record based claim may be procedurally defaulted for failure to argue 'cause and prejudice' from trial counsel's failure to object at the time of trial."  *Id*. at 68.  The remaining claim related to the State's discriminatory practices in empaneling venires for jury selection under *Taylor v. Louisiana*, 419 U.S. 523 (1975); yet, though he supported this claim with at least some affidavit evidence, it is apparent that counsel put forth little effort to develop the claim and to supply proof of each essential element.

The paucity of cognizable claims in state habeas is not surprising given the fact that state habeas counsel conducted very little investigation, as revealed in his billing records, and that he did not seek any funding for investigative and expert assistance.  *See Petitioner's Response to Respondent's Answer*, at 69-72.  Though his billing records lack significant detail, it is apparent that counsel claimed only 12.5 hours of non-record investigation on the writ out of a total 254.3 hours billed.  *Id*. at 69.  He claimed 18.5 hours for travel between Boerne, Texas, and Livingston, Texas, where the Texas Death Row is located, and he claimed mileage for what would amount to perhaps two trips to visit with his client.  After taking travel time into account, it is apparent that Counsel spent little time with Mr. Ochoa.  *Id*. at 69 & n.18.

2

Finally, state habeas counsel has provided "appallingly inept" representation in state capital collateral proceedings in another case. *See Ruiz v. Dretke*, No. SA-03-CA-303-OG, 2005 U.S. Dist. LEXIS 32938, at *5-*6 (W.D. Tex. 2005) ("Quite frankly, the quality of representation petitioner received during his state habeas corpus proceedings was appallingly inept."). Mr. Ochoa believes that he will be able to prove a pattern of similarly inept representation by state habeas counsel. But at the very least, the record before this Court demonstrates that counsel's representation in this case is strikingly similar to the condemned representation in *Ruiz*.

The Court of Criminal Appeals denied Mr. Ochoa's habeas claims on August 19, 2009. *Ex parte Ochoa*, Nos. WR-67,495-1 & WR-67,495-2 (Tex.Crim.App., Aug. 19, 2009).

Represented by new counsel, Mr. Ochoa filed a petition for writ of habeas corpus in this Court on August 19, 2010. (Docket Entry No. 8) In this petition, Mr. Ochoa raised a number of claims complaining about ineffective assistance of trial and direct appeal counsel that state habeas counsel failed to investigate and failed to raise in state habeas.

Respondent filed an answer and motion for summary judgment on December 17, 2010. (Docket Entry No. 14) Respondent argued that all of the claims that Mr. Ochoa failed to present in state court were unexhausted and that, because the state court would now invariably apply the bar to successive writ petitions contained in Article 11.071, § 5, of the Texas Code of Criminal Procedure, each of the claims were likewise procedurally defaulted in federal court. *Respondent Thaler's Answer with Brief in Support*, at 24-28.

Mr. Ochoa filed a reply on March 28, 2011. (Docket Entry Nos. 19). Mr. Ochoa agreed that the claims were unexhausted, but he also pointed out that it was premature for the Court to conclude that they were also procedurally defaulted. Because it was not entirely clear under the

circumstances of this case that the Texas Court of Criminal Appeals would apply the Section 5 bar, Mr. Ochoa requested that the Court instead stay and abey the proceedings to allow him to return to state court to exhaust the claims under the procedure set forth in *Rhines v. Weber*, 544 U.S. 269 (2005).

Mr. Ochoa filed a supplemental response on July 22, 2011. (Docket Entry No. 21). In this motion, Mr. Ochoa notified the Court that the Supreme Court of the United States had recently granted certiorari in two cases—*Maples v. Thomas*, 131 S. Ct. 1718 (2011), and *Martinez v. Ryan*, 131 S. Ct. 2960 (2011)—raising questions that directly implicated the procedural default claims that Respondent had raised. In fact, the Supreme Court subsequently altered the landscape of federal procedural default jurisprudence in both cases. *See Maples v. Thomas*, 132 S. Ct. 912, 923-24, 927 (2012) (holding that attorney abandonment severed the agency relationship between attorney and client and, thus, could serve as cause for procedural default); *Martinez v. Ryan*, 132 S. Ct. 1309, 1320-21 (2012) (holding that ineffective assistance of state habeas counsel in failing to investigate and to raise an ineffective assistance of trial counsel claim could serve as cause for procedural default).

On June 4, 2012, in the wake of *Martinez v. Ryan*, Mr. Ochoa filed a motion with this Court seeking an order to permit further briefing concerning the impact of this decision on this case. (Docket Entry No. 28). Though Mr. Ochoa did not alter his position that questions relating to procedural default remained premature until the Court addressed exhaustion and his request to stay and abey the proceedings in order to allow him to return to state court to exhaust his claims, Mr. Ochoa sought leave to demonstrate the potential impact of *Martinez* to his case. Respondent opposed the motion, arguing in part that *Martinez* categorically did not apply in Texas. (Docket No. 29)

4

On July 12, 2012, this Court denied the motion based on the Fifth Circuit's ruling in *Ibarra v. Thaler*, 687 F.3d 222 (2012), that *Martinez* categorically does not apply in Texas. (Docket No. 30)  Specifically, the Court held as follows:

> Subsequently, the Court of Appeals issued its published opinion in *Ibarra v. Thaler*, . . . determining that the exception to procedural bar created in *Martinez v. Ryan*, . . . does not apply to Texas cases.  This circuit precedent is binding in this court.  Therefore, further briefing of this issue is unnecessary.

*Id*. (citations omitted).  In so ruling, the Court made it clear that, based on the Fifth Circuit's pronouncement in *Ibarra*, it will not consider the implications of *Martinez* to the majority of the claims in this case.

### II.  Request to Stay the Proceedings Pending the Outcome in *Trevino v. Thaler*

A.    The Supreme Court's decision in *Martinez v. Ryan* fundamentally altered the rules of procedural default and the requisite showing of cause and prejudice needed to overcome potentially defaulted ineffective assistance of trial counsel claims.

In *Coleman v. Thompson*, the Court held that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  501 U.S. 722, 750 (1991).  *See also Wainwright v. Sykes*, 433 U.S. 72, 89 (1977) (holding that cause and prejudice standard must be used when a constitutional claim is procedurally defaulted in state court because of failure to comply with state contemporaneous objection rule).  The rule is grounded in "concerns of comity and federalism" in which a "State's interests—in channeling the resolution of claims to the most appropriate forum, in finality, and in having an opportunity to correct its own errors" are respected and federal interference with a state court judgment based on the application of a state procedural rule is strictly limited.

5

*Coleman*, 501 U.S. at 730, 750-51.  Allowing federal review of claims defaulted in state court would undermine the State's ability to enforce its laws, its ability to select the timing and the forum for best addressing constitutional errors, and its interest in setting the point at which litigation becomes final, and it would potentially allow a state prisoner to circumvent state review, thus frustrating the state's "'good-faith attempts to honor constitutional rights.'"  *Id.* at 746-48 (quoting *Engle v. Isaac*, 456 U.S. 107, 128 (1982)).

Cause must be linked to "some objective factor external to the defense," and mere attorney error or oversight is not sufficient to overcome a procedural default.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  However, when a defendant has a constitutional right to counsel, such as at trial or during the first appeal as of right, ineffective assistance of counsel can provide cause to excuse a procedural default in state court because the failing can be attributed to the state.  *Id.* at 488-89.  To serve as cause in federal court, the ineffective assistance of counsel claim must be presented in state court and therefore be exhausted.  *Id.*  Because a defendant does not have a constitutional right to counsel in state habeas proceedings, however, ineffective assistance of counsel of state habeas counsel generally does not provide cause for defaulted claims, and the defendant must bear the risk of such attorney error.  *Coleman*, 501 U.S. at 752-54 (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and *Murray v. Giarratano*, 492 U.S. 1 (1989)).  The *Coleman* Court stopped short of declaring a categorical rule with respect to failings of state habeas counsel; instead, the Court noted that there may be an exception to the holdings in *Finley* and *Giarratano* that there is no right to counsel in state habeas proceedings when state habeas presents the first opportunity to present an ineffective assistance of trial counsel claim.  The Court declined to address this question because at least one state habeas court had addressed Coleman's claim.  *Id.* at 755.

6

In *Martinez*, the Court granted certiorari ostensibly to address this question left open by *Coleman*. *Martinez v. Ryan*, 132 S. Ct. at 1315. When a State effectively routes ineffective assistance of trial counsel claims to post-conviction, habeas corpus becomes the first opportunity to raise these claims. *Id*. Though the Court declined to address whether a defendant has a constitutional right to counsel under these circumstances, the Court nevertheless qualified the rule in *Coleman*:

> To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

*Id*. The Court explained that "an initial review-collateral proceeding" is the equivalent of a prisoner's direct appeal, in that "the state habeas court 'looks to the merits of the clai[m]' of ineffective assistance, no other court has addressed the claim, and 'defendants pursuing first-tier review . . . are generally ill equipped to represent themselves' because they do not have a brief from counsel or an opinion of the court addressing their claim of error." *Id.* at 1317 (citations omitted). If direct appeal counsel is ineffective, "the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain adjudication on the merits of his [other] claims." *Id.* Similarly, without the effective assistance of counsel in initial-review collateral proceedings, there is a like risk that prisoners will forfeit claims of ineffective assistance of trial counsel. *Id.*

The Court recognized that a State may have sound practical reasons for reserving the adjudication of ineffective assistance of counsel claims for collateral review, particularly because such claims invariably depend on evidence outside the record and the very limited opportunity

for expanding the record on direct appeal renders it virtually impossible in most cases to investigate and develop an ineffective assistance claim.  However, reserving these claims to a more appropriate forum in which they can be developed risks depriving the prisoner of the constitutionally-guaranteed counsel needed to safeguard the assurance of effective representation at trial.  *Martinez v. Ryan*, 132 S. Ct. at 1317-18.  The Court explained:

> By deliberately choosing to move trial-ineffectiveness claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, the State *significantly diminishes* prisoners' ability to file such claims.  It is within the context of this state procedural framework that counsel's ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default.

*Id.* at 1318 (emphasis added) (citations omitted).    Federal procedural default rules reflect "an *equitable judgment* that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default."  *Id.* (emphasis added).  Under the circumstances addressed in *Martinez*, it is the State's procedural framework that creates an impediment external to the defense, and consequently, it diminishes the State's ability to assert a procedural default in the later federal proceedings.  *Id.*  The court held,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

*Id.* (emphasis added).   Also, the prisoner must demonstrate that the claim is underlying substantial, which means that it has "some merit."  *Id.* at 1318-19.  Importantly, *Martinez*'s core concern is that a state prisoner receives an adequate opportunity to vindicate his Sixth Amendment right to the guiding hand of counsel, and the State's interests in finality and its

ability to address the claims in the first instance must give way in order to allow them to proceed in federal court.

In *Ibarra v. Thaler*, 687 F.3d 222 (2012), the Fifth Circuit erected a categorical barrier to the operation of *Martinez*'s equitable exception in Texas.  *Id*. at 227.  Essentially, the court reasoned that because under Texas law there existed a theoretical opportunity to raise ineffective assistance of counsel claims as a general matter in a motion for new trial and on direct appeal, then state habeas proceedings could never be the first opportunity to raise such claims, notwithstanding the reality that as a practical matter the vast majority of these claims cannot be raised on direct appeal and are required, as a matter of state law, to be raised in the first instance in habeas.  *Id*.; *see also Gates v. Thaler*, 476 Fed. App'x. 336 (5th Cir., Jun. 19, 2012).  As this Court noted in its denial of Mr. Ochoa's motion to allow supplemental briefing, *Ibarra* is binding circuit precedent and precludes considerations of how *Martinez* affects the litigation process in federal court.  As a result, the Fifth Circuit's long-standing rule that ineffective assistance of state habeas counsel does not give cause for procedural default under any circumstances, which is based upon an unqualified understanding of *Coleman*, remains unaffected by *Martinez*.  *See Martinez v. Johnson*, 255 F.3d 229, 240-41 (5th Cir. 2001) (rejecting argument that ineffective assistance of habeas counsel when state habeas presented first opportunity to present constitutional claim could be considered cause).  *See also Williams v. Thaler*, 602 F.3d 291, 308-09 (5th Cir. 2010); *Matchett v. Dretke*, 380 F.3d 844, 849 & n.1 (5th Cir. 2004).

      B.      In *Trevino*, the Supreme Court will determine whether *Ibarra* is a valid interpretation of *Martinez*.

The Supreme Court of the United States granted certiorari in *Trevino v. Thaler*, Cause No. 11-10189, 2012 U.S. LEXIS 8391 (2012), on October 29, 2012.  As a result, the Court will

address whether *Martinez* applies in Texas and correspondingly whether *Ibarra* is contrary to the

Court's holding in *Martinez*.  Specifically, the question presented in *Trevino* is as follows:

> In federal habeas proceedings, undersigned counsel raised for the first time a claim under *Wiggins v. Smith*, 539 U.S. 510 (2003), that trial counsel were ineffective for failing to investigate the extraordinary mitigating evidence in Mr. Trevino's life.  The federal proceeding was stayed to allow exhaustion, but the Texas Court of Criminal Appeals dismissed Mr. Trevino's *Wiggins* claim under state abuse of the writ rules.  Thereafter, the federal district court dismissed the claim as procedurally barred, finding no cause for the default.  On appeal, Mr. Trevino argued that the Court of Appeals should stay further proceedings until this Court resolved the question then pending in several cases whether ineffective assistance of state habeas counsel in failing to raise a meritorious claim of ineffective assistance of trial counsel established cause for the default in state habeas proceedings.  The Court of Appeals refused to stay Mr. Trevino's appeal for this purpose.  Four months later, this Court decided in *Martinez v. Ryan*, 132 S. Ct. 1309 (March 20, 2012), that ineffective assistance of state habeas counsel in the very circumstance presented by Mr. Trevino's case could establish cause for the default of a claim of ineffective assistance of trial counsel.  These circumstances present the following question:

> > Whether the Court should grant certiorari, vacate the Court of Appeals' opinion, and remand to the Court of Appeals for consideration of Mr. Trevino's argument under *Martinez v. Ryan*?[1]

Reprinted at http://www.supremecourt.gov/qp/11-10189qp.pdf.

---

[1] The Petition for Writ of Certiorari was filed prior to the Fifth Circuit's opinion in *Ibarra*.  Respondent filed a Brief in Opposition arguing in part that *Martinez* did not apply in Texas and directly relied on *Ibarra* as support.  Respondent's Brief in Opposition, *Trevino v. Thaler*, No. 11-10189, at 12-14 (filed August 6, 2012).  Consequently, the Petitioner reformulated his question in the following manner:

> After Trevino filed his petition in this Court, but before the Court acted on that petition, the United States Court of Appeals for the Fifth Circuit held in *Ibarra* v. *Thaler*, 687 F.3d 222 (2012), that *Martinez* does not apply in habeas cases arising from Texas courts.  This Court subsequently granted Trevino's petition for a writ of certiorari.  Given this posture, the Question Presented is reformulated as follows (*see* S. Ct. R. 24.1(a)):

> > Whether, under *Martinez* v. *Ryan*, 132 S. Ct. 1309 (2012), a death-sentenced prisoner confined pursuant to a Texas judgment may assert ineffective assistance of state habeas counsel as cause to excuse the procedural default of a claim of ineffective assistance of trial counsel.

Brief for Petitioner, *Trevino v. Thaler*, No. 11-10189, at (i) (filed December 13, 2012).  Furthermore, it is apparent that the Court understands that the *Ibarra* interpretation of *Martinez* is squarely before it.  In responding to the dissent from the Court's grant of a stay of execution in *Haynes v. Thaler*, Justice Sotomayor observed, "We recently granted certiorari to address precisely the question whether *Martinez* applies to habeas cases arising from Texas courts.  *See Trevino v. Thaler*, 568 U. S. ___, 184 L. Ed. 2d 337, ___ S. Ct. ___, 2012 U.S. LEXIS 8391 (2012)."  *Haynes v. Thaler*, No. 12-6760, 2012 U.S. LEXIS 8704, at **1 (Nov. 13, 2012) (Statement of Sotomayor, J.).

Additionally, the Supreme Court is holding at least three other Texas capital cases currently pending before it on petitions for writ of certiorari in light of *Trevino*.  *Haynes v. Thaler*, 2012 U.S. LEXIS 8704, at *1 (Statement of Sotomayor, J.) ("[A] stay of execution is warranted to allow Haynes to pursue his claim on remand if this Court in *Trevino* rejects the single ground relied upon by the Fifth Circuit for denying Haynes' application for a certificate of appealability."); *Balentine v. Thaler*, 133 S. Ct. 90 (Aug. 22, 2012) (Mem.) (staying execution pending the disposition of a petition for certiorari raising the same question as *Trevino*).  *See also Washington v. Thaler*, No. 11-10870 (petition for writ of certiorari raising the *Trevino* issue was conferenced on October 26, 2012; the Court has taken no further action in the case).

    C.    This Court has an inherent power to stay proceedings pending the outcome of a potentially dispositive case currently pending in the Supreme Court of the United States.

Federal district courts have a discretionary power to issue stays.  *Rhines v. Weber*, 544 U.S. at 276.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain even balance."  *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936).  *See also Nken v. Holder*, 556 U.S. 418, 426 (2009) (describing inherent power to issue stays and citing the All Writs Act, 28 U.S.C. § 1651(a), in holding that legislative amendments to federal immigration laws did not divest appellate courts of the power to stay deportation pending appellate review); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis*).  A stay is not a matter of right but is left to the judgment and sound discretion of the court based on the circumstances of the particular case.  *Nken*, 556 U.S. at 427, 433-34 (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672-73 (1926)).  The moving party has the

burden to demonstrate that the exigencies of the case merit a stay.  *See Landis*, 299 U.S. at 256; *see also Nken*, 556 U.S. at 433-34; *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985).

In determining whether to grant a stay, the court must consider the hardship or inequity to the moving party of having to proceed with the case as opposed to the potential burden to other parties in delaying the proceedings.  *Landis v. North Am. Co.*, 299 U.S. at 255; *Ali v. Quarterman*, 607 F.3d 1046, 1049 (5th Cir. 2010).  A stay must also be limited in scope and time and be tailored to address the circumstances which give rise to it.  *Landis*, 299 U.S. at 257.  "The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description. When once those limits have been reached, the fetters should fall off."  *Id*.  Finally, the Anti-terrorism and Effective Death Penalty Act (AEDPA) does not divest courts of the power to issue stays, "but it does circumscribe their discretion."  *Rhines v. Weber*, 544 U.S. at 276.  Thus, issuance of a stay in a case governed by AEDPA must be consistent with its underlying purposes, such as those related to comity, federalism, and finality, and the reduction of delays in the execution of state court judgments.  *Id*. (citing *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

D.     The potential that *Martinez* may dramatically impact the course of this litigation, the consequent severe burden to Mr. Ochoa of proceeding in the absence of a stay, and the slight potential for harm to Respondent that might be occasioned by a moderate delay to await the outcome in *Trevino* counsel in favor of the exercise of this Court's discretionary power to stay the proceedings.

The equities in this case favor a temporary stay of the proceedings pending the outcome of *Trevino*.  As stated, Mr. Ochoa has not conceded that his claims before this Court are procedurally defaulted and there remains pending a threshold question relating to exhaustion and

whether he should be allowed to return to state court to exhaust his claims.  However, in the event that the Court finds the claims procedurally defaulted, then the question whether Mr. Ochoa can establish cause for the default under the exception created in *Martinez* will be an essential question in this litigation.

This issue potentially impacts the most significant portion of the claims before the Court. Mr. Ochoa contends that his trial and direct appeal counsel were ineffective in numerous respects, including the failure to investigate and to present mitigation evidence at punishment, the failure to adequately prepare for and to conduct *voir dire*, the failure to raise *voir dire* issues on direct appeal, the failure to make proper and timely objections to the exclusion of important rebuttal evidence, the failure to challenge on appeal the State's erroneous admission of patently unreliable expert evidence regarding future dangerousness, and the failure to object to unconstitutionally shackling Mr. Ochoa during trial.  Mr. Ochoa's claims are significant, and with proper fact-finding procedures in this Court, there is a strong likelihood that he will demonstrate that he is entitled to relief.  Finally, there is substantial evidence before this Court that Mr. Ochoa received grossly inadequate representation in state habeas, occasioned by his appointed counsel's nearly complete failure to conduct any meaningful investigation or to seek funding for necessary investigators and experts.  Without a stay in light of *Trevino*, Mr. Ochoa will suffer extensive hardship in proceeding with the litigation without a potential major defensive tool to respond to the State's assertions of procedural default.

On the other side of the equation, Respondent would suffer little hardship from the grant of a stay because the Supreme Court will likely resolve *Trevino* in a matter of months.  Of course, Mr. Ochoa would remain incarcerated pending the outcome of his federal habeas

proceedings. Finally, the delay caused by waiting for the outcome in *Trevino* will be moderate in extent and limited to a single purpose. *See Landis v. North Am. Co.*, 299 U.S. at 256.

Though awaiting the outcome in *Trevino* may result in some delay in the execution of Mr. Ochoa's sentence, the opposite course may ultimately result in more delay by potentially necessitating an unnecessary appeal. On the other hand, a grant of a stay in these circumstances would ward against an undesirable piecemeal litigation by allowing a determination of the potential impact of *Martinez* to be briefed and determined in this Court in the first instance, rather than being spread across multiple courts. Therefore, the suggested approach would be economical of judicial resources, as well as the parties' resources.

Finally, the proposed stay is consistent with the underlying purposes of AEDPA. Though AEDPA is designed to reduce delays in the execution of state sentences, *Rhines v. Weber*, 544 U.S. at 276, any delay in the stay proposed in this case would at best be moderate, and it may in fact expedite the resolution of this case. Also, like the federal rules governing procedural default and exhaustion, AEDPA also serves the purposes of comity, federalism, and finality. *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007); *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). It is clear that the exception that *Martinez* created to the general rule respecting procedural default in *Coleman* is faithful to these principles. The exception it carves out is narrowly tailored and is designed to provide a forum in which deprivations of the constitutional right to counsel may be vindicated. A stay to await the determination whether this exception applies in Texas would not contravene AEDPA's underlying purposes any more than the rule does.

### III. Conclusion

Though a district court should use its discretion to issue a stay only sparingly, *Landis v. North Am. Co.*, 299 U.S. at 255, the extraordinary circumstances presented in this case

14

compellingly demonstrate that a stay should be issued.  The importance of *Martinez* to this litigation, the strength of Mr. Ochoa's underlying claims, the hardship that he will suffer if forced to proceed without the benefit potentially provided by *Martinez*, and the slight burden placed on Respondent by any moderate delay show that the equities of a stay favor Mr. Ochoa.

WHEREFORE, PREMISES CONSIDERED, Petitioner, Abel Revill Ochoa, respectfully requests that the Court

(1)    Stay the proceedings in this cause pending the outcome of *Trevino v. Thaler*;

(2)    Order that the stay shall automatically terminate on the date *Trevino* is decided;

(3)    Order that the parties shall file supplemental briefing in the event *Trevino* overrules *Ibarra*; and

(4)    Grant any further relief to which Mr. Ochoa may be entitled.

Respectfully submitted,

ALEXANDER L. CALHOUN
Attorney at Law
Texas Bar No. 00787187
4301 W. William Cannon Dr.  Ste. B-150
    # 260
Austin, Texas 78749
(512) 420-8850 (telephone)
(512) 233-5946 (facsimile)
(512) 731-731-3159 (cell)
alcalhoun@earthlink.net

By: /s/ Alexander L. Calhoun
     Alexander L. Calhoun
     Member of the Bar of this Court

15

PAUL E. MANSUR
Texas Defender Service
Senior Staff Attorney
Texas Bar No. 00796078
P.O. Box 1300
Denver City, Texas 79323
(806) 592-2797 (telephone)
(806) 592-9136 (facsimile)
pmansur@midtech.net

By: /s/ Paul E. Mansur
Paul E. Mansur
Member of the Bar of this Court

Attorneys for Petitioner,
Abel Revill Ochoa

### Certificate of Conference

I hereby certify that on December 11, 2012, I conferred with counsel for Respondent, Stephen Hoffman on this matter.   Respondent opposes the relief requested in this motion.

/s/ Paul E. Mansur
Paul E. Mansur

### Certificate of Service

I hereby certify that on December 18, 2012, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. District Court, Northern District of Texas. The ECF system sent a "Notice of Electronic Filing" to counsel for Respondent:

Greg Abbott
attn:  Stephen Hoffman
Texas Attorney General
Postconviction Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548

/s/ Paul E. Mansur
Paul E. Mansur

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION**

| | | |
|---|---|---|
| **ABEL REVILL OCHOA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **-v-** | § | **NO.  3:09-cv-02277** |
| | § | |
| | § | |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions Division** | § | **CAPITAL CASE** |
| | § | |
| **Respondent.** | § | |

# ORDER

Came on this day to be considered Petitioner's Motion to Stay the Proceedings Pending a

Decision of the Supreme Court of the United States in *Trevino v. Thaler*.   After due

consideration, this Court **GRANTS** the motion and stays the resolution of this case pending the

decision of the Supreme Court of the United States on the issues presented in *Trevino v. Thaler*,

No. 11-10189, 2012 U.S. LEXIS 8391 (Oct. 29, 2012).  This order shall automatically terminate

with the Supreme Court's decision in that case.

SIGNED on this the _____ day of _____, 2012.


_____

UNITED STATES DISTRICT JUDGE