IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABEL REVILL OCHOA, § | | |
| *Petitioner,* § | | |
| § | | |
| V. § | | Civil Action No. 3:09-CV-2277-K |
| § | | |
| RICK THALER, Director, § | | (Death Penalty Case) |
| Texas Department of Criminal Justice § | | |
| Correctional Institutions Division, § | | |
| *Respondent.* § | | |

## ORDER GRANTING STAY AND ADMINISTRATIVELY CLOSING CASE

On December 18, 2012, Petitioner ("Ochoa") filed his "Motion to Stay the Proceedings Pending a Decision of the Supreme Court of the United States in *Trevino v. Thaler* and Brief in Support." ("Motion," doc. 33.) On January 3, 2013, Respondent filed his response in opposition ("Response," doc. 34) to the motion to stay proceedings. On January 25, 2013, Petitioner filed his reply in support of abatement ("Reply," doc. 37). For the reasons set out below, the Court exercises its discretion to postpone a final decision in this case until the Supreme Court issues its opinion resolving the issues before it in *Trevino v. Thaler*, No. 11-10189, 133 S.Ct. 524 (Oct. 29, 2012).

I.

Ochoa has filed a petition for writ of habeas corpus asserting twenty-one claims for federal habeas relief. (Pet., doc. 8.) Respondent has answered, asserting that twelve of these claims are unexhausted and now procedurally barred from further state habeas consideration due to the Texas abuse-of-the-writ doctrine, and therefore also

procedurally barred from federal habeas review. (Ans., doc. 14.) Five of these unexhausted claims assert the ineffective assistance of trial counsel as the grounds for federal habeas relief.

II.

The Supreme Court in *Martinez v. Ryan*, 566 U.S. ___, 132 S.Ct. 1309 (2012), created a limited exception to procedural bar for claims of ineffective assistance of trial counsel that were not presented to the state court either because the petitioner was not afforded the assistance of state habeas counsel or because that assistance was ineffective. The United States Court of Appeals for the Fifth Circuit held that this exception does not apply in the review of state convictions and sentences issued by the Texas courts because such claims could be raised in the direct appeal allowed in Texas. *Ibarra v. Thaler*, 687 F.3d 222 (5th Cir. 2012). Subsequently, the Supreme Court granted a writ of certiorari in *Trevino* to address the question of whether this exception applies to cases arising out of the state courts of Texas. Oral argument before the Supreme Court has concluded and a decision in *Trevino* is expected by the end of the current term.

III.

Ochoa complains that "the most significant portion of the claims before the Court" are the ones that were not presented to the state court due to the alleged ineffective assistance of his state habeas counsel. (Mot. at 2-3, 13.) These include claims that trial counsel were ineffective for failing to properly investigate and present

2

mitigation evidence at the punishment stage of Ochoa's trial, failing to properly conduct jury selection (to examine potential jurors about the nature of the offense and the potentially mitigating evidence), and failing to object to allowing Ochoa to appear before the jury in shackles during the punishment phase of his trial.  Respondent counters that (1) binding Circuit precedent forecloses relief at this time (Resp. at 4-6), (2) awaiting a decision in *Trevino* could cause a delay and thereby frustrate a purpose of the AEDPA (Resp. at 8-9), (3) a final decision in *Trevino* would not affect the outcome of this case (Resp. at 6-8).  In reply, Ochoa points to the fact-intensive nature of the determinations regarding the effective assistance of counsel at both the trial and state postconviction habeas level and argues that the record is presently insufficient to fully resolve those issues.  (Reply at 4-5.)  Ochoa also argues that equity favors a temporary stay of these proceedings.

IV.

If it applies to this case, the exception to procedural bar created in *Martinez* has the potential to dramatically alter the way that some of Ochoa's claims will be resolved by this Court.  Because they were never presented to the state courts, Ochoa's listed claims of ineffective assistance of trial counsel could be entitled to *de novo* review, without the deference required by the AEDPA for claims that were adjudicated on the merits.  This may require a development of the evidence that would otherwise be impossible under current Circuit precedent and unusual in federal habeas proceedings.

Recognizing the potential impact on their cases, some of the other federal courts addressing similar claims have decided to suspend their proceedings. See Rayford v. Thaler, No. 12-7004, Notice of Cancellation of Oral Argument (5th Cir., Nov. 7, 2012); Will v. Thaler, No. 4:07-cv-01000 (S.D. Tex., Dec. 20, 2012); Reynoso v. Thaler, No. 4:09-cv-02103 (S.D. Tex., Jan. 2, 2013); Flores v. Thaler, No. 3:07-CV-413-M (N.D. Tex., Jan. 15, 2013); Garcia v. Thaler, No. 3:06-CV-2185-M (N.D. Tex., Jan. 15, 2013); Medina v. Thaler, No. 4:09-cv-03223 (S.D. Tex., Feb. 6, 2013). Because of its potential impact on these proceedings and the uncertainty of how the Supreme Court will decide the matter now before it, this Court is persuaded of the wisdom of waiting for a final decision in *Trevino*.

V.

Petitioner's "Motion to Stay the Proceedings Pending a Decision of the Supreme Court of the United States in *Trevino v. Thaler* and Brief in Support" (doc. 33), is **GRANTED** and further proceedings in this cause are held in abeyance until the Supreme Court issues its decision in *Trevino*.

VI.

The Clerk of Court is directed to administratively close this case for statistical purposes. However, nothing in this order shall be considered a final dismissal or disposition, and this case shall be reopened upon the issuance of a final decision by the Supreme Court in *Trevino* or otherwise by further order of this Court. Petitioner shall

move to reopen these proceedings within 30 days of the date that *Trevino* is decided if these proceedings have not already been reopened by order of this Court.

SO ORDERED

Signed March 5th, 2013.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE