IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABEL REVILL OCHOA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. |
| | | 3:09-CV-2277-K |
| | § | |
| LORIE DAVIS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION

Petitioner Abel Revill Ochoa has filed a "Motion to Amend Judgment Pursuant to Fed. R. Civ. Proc. 59(e) and Memorandum of Law in Support" (Rule 59 Motion, doc. 61). Respondent has filed a response in opposition to the motion (Response, doc. 62). The motion is denied because the Court properly addressed the arguments Ochoa presented in his pleadings and his new arguments do not warrant relief from the judgment.

I

Ochoa asserts that this Court erred in denying his unexhausted claims of ineffective assistance of trial counsel without affording a hearing on cause and prejudice under *Martinez v. Ryan,* 132 S. CT. 1309 (2012), and *Trevino v. Thaler,* 133 S. CT. 1911 (2013). He asserts that "the requisite preliminary showing of substantiality can rarely

ever be made without an initial evidentiary hearing." (Mot. at 3.) In support, Ochoa makes three arguments. First, Ochoa complains that this Court applied an overly stringent standard while depriving him of an evidentiary hearing. (Mot. at 3-6.) Second, Ochoa argues that courts within this district have granted evidentiary hearings to demonstrate the underlying substantiality of the claim under *Martinez* and *Trevino* along with its subsequent entitlement to consideration on the merits. (Mot. at 6-9.) Finally, Ochoa argues that the Court erred in determining the substantiality of his claim that trial counsel was ineffective in failing to investigate and present mitigating evidence at the punishment phase of trial by considering the amount of mitigation evidence that trial counsel presented. (Mot. at 9-35.)

Respondent presents three arguments in opposition to the motion. First, Respondent asserts that, to the extent that Ochoa re-urges the merits of his claim, his motion is an impermissible successive habeas petition that this Court lacks jurisdiction to consider. (Resp. at 6-8.) Second, Respondent argues that Ochoa fails to present a sufficient ground to authorize relief under Rule 59, specifically that any manifest injustice resulted from the lack of an evidentiary hearing. (Resp. at 8-13.) Finally, Respondent argues that an evidentiary hearing is barred under 28 U.S.C. § 2254(e)(2). (Resp. at 13-14.)

II

Rule 59(e) of the Federal Rules of Civil Procedure allows a court "to rectify its own mistakes in the period immediately following entry of judgment." *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 450 (1982). Although district courts have discretion as to whether or not to reopen a case under Rule 59(e), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.,* 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

> "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.' " *Rosenzweig [v. Azurix Corp.,* 332 F.3d 854, 863-64 (quoting *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)]. Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *See In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir.2002).

*Schiller v. Physicians Resource Group Inc.,* 342 F.3d 563, 567-68 (5th Cir. 2003) (footnote omitted).

In determining whether to grant Rule 59 relief, the Fifth Circuit has set forth a balancing test between "two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the district court is to strike the proper balance between these competing interests." *Templet,* 367 F.3d at 479 (citations omitted).

The district court, however, has no jurisdiction to consider a successive habeas

3

petition, even if it is couched as a motion filed under Rule 59, unless the petitioner first obtains the required authorization from the court of appeals. A motion to reopen under Rule 59 is considered a successive habeas petition under 28 U.S.C. § 2244(b) when it raises a claim that was or could have been raised in the petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008).

In determining whether a motion to reopen under Rule 59(e) is actually an impermissible successive habeas petition, this Circuit applies the same framework of *Gonzalez v. Crosby,* 545 U.S. 524 (2005), that is used to determine whether a motion to reopen under Rule 60(b) of the Federal Rules of Civil Procedure is a second or successive habeas petition, and thus subject to AEDPA's additional jurisdictional requirements. *See Williams v. Thaler,* 602 F.3d 291, 304 (5th Cir. 2010).

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief … will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim ***on the merits***, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Gonzalez,* 545 U.S. at 532 (emphasis in original) (footnotes omitted). "More specifically, a petitioner does not make a habeas corpus claim 'when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'"

4

*Williams,* 602 F.3d at 305 (quoting *Gonzalez,* 545 U.S. at 532 n. 4).

### III

*A. Jurisdiction*

Respondent argues that although Ochoa's motion is couched as a Rule 59(e) motion, it should be construed as a successive petition because it attacks this Court's resolution of the merits of his ineffective assistance of counsel claim. (Resp. at 6-8.) She points out that Ochoa's motion challenges the standard used to evaluate the merits of his claim (Resp. at 6-7), and the conclusion that his claim was insubstantial based on the fact that trial counsel "presented some mitigation evidence." (Resp. at 7.) Respondent argues that this Court "reached the merits of Ochoa's IATC claim after finding it procedurally defaulted" by pointing to this Court's alternative analysis revealing that the claim did not have any merit. (Resp. at 7.)

Respondent's argument is rejected. In order to determine whether a claim comes within the *Martinez* exception to procedural bar, the Court must determine whether it is "substantial" in that in has any merit. Although this requires a review of the potential merits of the claim under the same *Strickland* standard that governs a review of its merits, this remains part of the procedural determination.

Therefore, while Ochoa's motion attacks this procedural element, it does not depart from challenging the procedural resolution of his claim. In fact, his complaint is that this Court made a premature determination of substantiality without affording him the evidentiary hearing that he needed to make that showing. (Mot. at 5-6.) Ochoa

5

argues that the determination of substantiality "is not dependent upon whether it appears, upon full development of the facts, that the petitioner would be likely to prevail on the merits." (Mot. at 4-5 (citing *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003)).) Accordingly, Ochoa's motion is properly asserted under Rule 59(e) and is within this Court's jurisdiction to resolve.

*B. Rule 59*

1. **Evidentiary Hearing**

The Supreme Court has set forth the standard for when an evidentiary hearing is required.

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.
>
> * * *
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan,* 550 U.S. 465, 474 (2007) (internal citations and footnote omitted). "Additionally, '[n]o evidentiary hearing is required" if a prisoner is unable to satisfy the cause and prejudice standard for overcoming a procedural bar.'" *United States v. Reedy,* 393 F. App'x 246, 247 (5th Cir. 2010) (quoting *Woods v. Whitley,* 933 F.2d 321, 323 (5th Cir.1991)); *Barrientes v. Johnson,* 221 F.3d 741, 758 (5th Cir. 2000) (evidentiary hearing on merits of claim only required if district court finds cause and prejudice to

6

overcome procedural default).

Specifically in the context of the *Martinez* exception, the United States Court of Appeals for the Fifth Circuit has held that an evidentiary hearing is not required before finding that a claim does not fall within the exception.

> With respect to the denial of an evidentiary hearing, we decline to hold that *Martinez* mandates an opportunity for additional fact-finding in support of cause and prejudice. The Supreme Court, in *Martinez,* created a narrow exception to procedural default that "merely allows" federal merits-review "of a claim that otherwise would have been procedurally defaulted." 132 S.Ct. at 1320. *Martinez* and *Trevino* protect Texas habeas petitioners from completely forfeiting an IATC claim; neither entitles petitioners to an evidentiary hearing in federal court in order to develop such a claim. Reading *Martinez* to create an affirmative right to an evidentiary hearing would effectively guarantee a hearing for every petitioner who raises an unexhausted IATC claim and argues that *Martinez* applies.

*Segundo v. Davis,* 831 F.3d 345, 351 (5th Cir. 2016), *cert. denied,* 137 S.Ct. 1068 (2017).

After this Court's judgment denying relief and the briefing on the current motion was completed, the Supreme Court issued a new opinion discussing the application of the *Martinez* exception to procedural bar. In *Buck v. Davis,* 137 S. Ct. 759 (Feb. 22, 2017), the Supreme Court reversed the decision of the United States Court of Appeals for the Fifth Circuit that had affirmed the denial of relief under Rule 60(b) of the Federal Rules of Civil Procedure. The Supreme Court held that the district court abused its discretion in refusing to grant relief because the claim of ineffective assistance of trial counsel had some merit and state habeas counsel was ineffective in failing to raise it. *Id.,*

7

137 S. Ct. at 780. This does not appear to alter the standard for applying the *Martinez* exception, but even if it did, it would not change the outcome of this case.

In the instant case, even if the claim comes within the exception to procedural bar, the alternative merits analysis is correct. Ochoa's motion focuses on his complaint that trial counsel was ineffective for failing to investigate and present mitigating evidence at his trial. Ochoa does not complain that trial counsel did not present evidence of his background, but merely that he did not present enough of it. But this was not a case where an abusive background could help to explain a long criminal history or other pattern of misbehavior that inexorably led to the crime. This was a case where the defendant was a hard-working, family man who did not have as much as a traffic ticket before the afternoon when he murdered five people, including his wife, her family members and their children. Trial counsel chose to focus on the power of Ochoa's cocaine addiction to explain this sudden anomaly that occurred after his wife refused to buy him more drugs. (39 RR at 55-65.)

At trial, counsel presented evidence from multiple expert and lay witnesses touching on Ochoa's life, background, character, culpability, potential for rehabilitation, and projected conditions of confinement if sentenced to life. (Mem. Op., doc. 59, at 26-29.) Ochoa's complaint does not identify an area or subject that was not generally covered by the evidence trial counsel presented to the jury. Instead, he points to additional evidence of Ochoa's background that may have been cumulative of what was already presented or less relevant than the evidence actually presented. For example, he

8

argues that additional evidence should have been presented regarding his early life in Mexico. (Pet. at 87-88.) Ochoa's father testified about their poor living conditions there (35 RR at 106-10), but Ochoa testified at trial that his earliest memories were living on a farm in Texas. (38 RR at 5-6.) Ochoa also now argues that additional testimony should have been provided regarding Ochoa's father, specifically regarding his alcoholism and abuse of Ochoa's family. (Pet. at 88.) But Ochoa and his brother testified that their father was an alcoholic that would beat their mother, requiring the assistance of Ochoa and his brothers to get their father off of her, and that this upset Ochoa greatly. (38 RR at 8-9; 36 RR 159-60.) Ochoa's father also testified about the history of alcohol abuse in their family, and that he used get drunk and beat his family, but that he stopped after he had an accident while driving intoxicated. (35 RR at 113-16.) Defense expert Dr. Edward Nace also testified about the addiction problem in Ochoa's family, including his father's alcoholism and its impact on Ochoa. (36 RR at 64-65.)

Not only is this allegation insufficient to warrant habeas relief, it would be insufficient to grant investigative funding. *See Smith v. Dretke,* 422 F.3d 269, 288-89 (5th Cir. 2005) (finding district court properly denied expert funding that "would only supplement prior evidence" already admitted before jury); *Ward v. Stephens,* 777 F.3d 250, 266 (5th Cir.), *cert. denied,* 136 S. Ct. 86 (2015) ("The district court reasonably determined that the sought-after funding would have supported a meritless claim or would only supplement prior evidence."); *Jackson v. Dretke,* 181 F. App'x 400, 414 (5th

9

Cir. 2006) (funding properly denied when testimony of proposed expert "would merely have supplemented other evidence already available to and considered by the jury."). As this Court previously found, Ochoa's complaint essentially boils down to a matter of degree, which is precisely the sort of judicial second-guessing that this Court must avoid in reviewing such claims. (Mem. Op. at 28.)

Ochoa attempts to overcome this by alleging that the Court applied a standard that was too stringent. He argues that this Court went too far in determining that he had not presented a substantial claim of ineffective assistance of counsel in that it reviewed all of the factual allegations instead of just taking a "quick look." (Mot. at 4-5.) He also argues that the Court did not go far enough so as to conduct a full evidentiary hearing to develop his claims before making that determination of substantiality. (Mot. at 6-9.) Finally, he argues that this Court erred in finding that he had not shown trial counsel to be ineffective based on the fact that trial counsel had presented "some" mitigation evidence. (Mot. at 9-11.) Ochoa's arguments mischaracterize the Court's determinations.

Contrary to Ochoa's current allegation, this Court did not merely find that trial counsel presented "some" mitigation evidence. (Mot. at 9, 11.) This Court found, and Ochoa previously acknowledged, that trial counsel presented an extensive mitigation case before the jury. (Mem. Op. at 27 (citing Pet. at 82-85, 87-88 (trial counsel presented "considerable mitigation evidence" including lay and expert testimony))). While Ochoa argues that he should have been allowed to further develop the evidence needed to make

10

this showing at an evidentiary hearing, *Martinez* does not confer such a right. *See Segundo,* 831 F.3d at 351. Instead, this Court should only allow further evidentiary development or an evidentiary hearing if it finds that Ochoa has made specific factual allegations that, if true, would entitle him to federal habeas relief. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007). Ochoa's allegations did not make this showing, and whether further evidentiary development might eventually allow Ochoa to make the required showing would be irrelevant. Because Ochoa's existing allegations, even if true, would not establish that he was deprived of the effective assistance of counsel, the Court correctly denied the claim without an evidentiary hearing.

## IV

Petitioner Abel Revill Ochoa's Motion to Amend Judgment Pursuant to Fed. R. Civ. Proc. 59(e) (Rule 59 Motion, doc. 61) is **DENIED**.

**SO ORDERED**.

Signed this 20th day of June, 2017.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE